UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LA MIRAGE HOMEOWNERS ASSOCIATION, INC., § § § Plaintiff, § VS. § CIVIL ACTION NO. 2:18-CV-283 § COLONY INSURANCE COMPANY, *et al*, § § § Defendants. § | |

LA MIRAGE HOMEOWNERS ASSOCIATION, INC.,

    Plaintiff,

VS.

COLONY INSURANCE COMPANY, *et al*,

    Defendants.

CIVIL ACTION NO. 2:18-CV-283

## ORDER DENYING MOTION TO REMAND

After sustaining property damage in Hurricane Harvey, Plaintiff La Mirage Homeowners Association Inc. sued its insurance companies, Defendants Colony Insurance Company and AXIS Surplus Insurance Company, stating state law claims for policy proceeds and violations of the Texas Insurance Code. Plaintiff filed the case in County Court at Law No. 2 of Nueces County, Texas and Defendants timely removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. D.E. 1. Before the Court is Plaintiff's amended motion to remand, arguing that diversity of citizenship between the parties does not exist and that Defendants waived their right of removal. D.E. 6. Also before the Court is Defendants' response. D.E. 8. For the following reasons, the Court DENIES the motion to remand (D.E. 6).

### STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. &*

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Jurisdiction based on diversity of citizenship requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, the requisite amount in controversy is conceded. The diversity of citizenship, however, is contested.

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). Where the evidence creates a question of fact, this Court may decide the question for purposes of determining its jurisdiction. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989) (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981)).

## DISCUSSION

### A. Background

All parties named in this action are corporations. A corporation is a citizen of the state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The facts at issue and the gist of the arguments are as follows:

**Plaintiff La Mirage**. It is undisputed that Plaintiff is a Texas non-profit corporation with its principle place of business in Nueces County, Texas. According to its bylaws and consistent with Texas law, as a homeowner's association it operates as trustee for the benefit of individual condominium unit members with respect to insurance

policies covering the condominium real estate and improvements.[1] D.E. 6-1, pp. 63-64; Tex. Prop. Code § 82.111. Plaintiff holds legal title to the insurance claims for the benefit of the unit owners. D.E. 6-1, pp. 63-64. In that capacity, it procured the insurance policies at issue, made claims for policy benefits, and filed this action—all on behalf of the condominium project and its owners.

Because of the interests of the individual unit owners, Plaintiff seeks to treat its citizenship as including the citizenship of each owner as a real party in interest. As a result of the Illinois citizenship of one of its unit owners, Plaintiff argues that there is no diversity of citizenship to support jurisdiction.

**Defendant Colony**. Defendant Colony Insurance Company (Colony) is a Virginia corporation attesting that its principal place of business is in Virginia. D.E. 1-4, pp. 3, 12; D.E. 8, pp. 17-19. Because it maintains a post office box in Texas, Plaintiff contends that its principal place of business is actually in Texas. Defendant counters that Colony's insurance policy lists a Texas post office box for limited purposes—service of process and as a "collection point" for various subsidiaries of Argo Group U.S. Inc., Colony's ultimate parent company. D.E. 8, pp. 17-19. The same policy designates Virginia as Colony's central location for administration and management, where all corporate decisions are made. *Id.* Defendant further states that Colony has no offices in Texas. *Id.*

**Defendant AXIS**. Defendant AXIS Surplus Insurance Company (AXIS) is an Illinois corporation with its principal place of business in Georgia. There is no dispute

---

[1] The contents of the units, personal property, must be insured by the individual unit owners. D.E. 6-1, pp. 63-64.

over Defendant AXIS's citizenship, other than the fact that it would destroy diversity if Plaintiff's citizenship is determined by the citizenship of its unit owners.

**Waiver**. In the course of defending the state court action, Defendants stated a defense that the controversy is subject to an arbitration agreement. D.E. 1-4, p. 6. Their answer states, "Plaintiff's claims are subject to the terms and conditions of the Policies regarding appraisal of the amount of loss and arbitration. By appearing and answering herein, Colony and AXIS do not waive and specifically reserve all rights under the appraisal and arbitration provisions of the Policies." *Id*. Plaintiff argues that this constitutes a waiver of federal jurisdiction because Defendants affirmatively invoked the state court's jurisdiction.

### B. Plaintiff Cannot Claim Illinois Citizenship

Plaintiff's claim that its citizenship determination should include the citizenship of a unit owner is based on the requirement that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citations omitted). An action must be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17(a)(1). Plaintiff claims that, despite its corporate form, the unit owners are the real parties in interest.

Plaintiff's argument is contrary to the law. As set out above, Plaintiff's governing document requires that it act as trustee for the unit owners. Rule 17(a)(1) specifically provides that certain parties, such as trustees of express trusts, may sue in their own names without joining the beneficiaries. The citizenship of beneficiaries is not

considered unless "a party already before the court is found to be a non-stake holder/agent suing only on behalf of another." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 865 n.10 (5th Cir. 2003). Otherwise, courts need not consider the citizenship of non-parties simply because they might also have an interest in the litigation or might be affected by the judgment. *Id.*

The Supreme Court held likewise in *Navarro Savings Ass'n*. 446 U.S. at 464. When a trustee holds, manages, and disposes of assets for the benefit of others, the trustee is a "real party to controversy." The citizenship of the beneficiaries may then be disregarded for purposes of diversity jurisdiction. *Id.* at 465-66. The *Navarro* trustee, who had legal title of the assets, managed the assets, and controlled the litigation, was the real party. *Id.* And the only reason the issue was considered in *Navarro* was because the trustee was not a corporation. *Navarro,* 446 U.S. at 462.

Plaintiff has supplied no reason to look behind the corporation to its trust beneficiaries. The Court thus finds no basis for disregarding Plaintiff's status as a corporation or ignoring established law that a corporation is a citizen of its state of incorporation and the state of its principal place of business. Because Plaintiff is a corporation, the citizenship of its unit owners is not relevant to diversity of citizenship jurisdiction. Plaintiff is only a citizen of Texas. The Court rejects Plaintiff's first argument that removal was improper because a homeowner is an Illinois citizen and not diverse from Defendant AXIS.

### C. Citizenship of Defendant Colony

Plaintiff claims that, as a matter of fact, Defendant Colony has its principal place of business in Texas because Colony's general counsel has a mailing address in San Antonio, Texas. According to the Supreme Court, a corporation's

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Colony has adequately shown that its corporate activities are conducted in Virginia. Simply having a mailing address in Texas is insufficient to show that decisions are made or business is conducted there.

The Court FINDS that Defendant Colony's principle place of business is in Virginia, not Texas. The Court rejects Plaintiff's second argument that removal was improper because Defendant Colony's citizenship is not diverse from that of Plaintiff.

### D. Waiver of Right to Remove

Finally, Plaintiff argues that Defendants waived their right to remove or are estopped from removing this action because they formally demanded arbitration, thereby invoking the state court's jurisdiction and seeking a merits determination. The Court disagrees.

A defendant may waive the right to remove a case to federal court by taking substantial action that indicates that the defendant has submitted to the state court's jurisdiction. *See Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 428 (5th Cir. 2003)*; see also Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016). "A waiver of the right to remove must be clear and unequivocal." *Tedford*, 327 F.3d at 428. This rule of law prevents a party from experimenting with his case in state court and removing the case to federal court upon an adverse decision. *Rose v. Giamatti*, 721 F. Supp. 906, 922 (S.D. Ohio 1989) (*Bolivar Sand Co., Inc. v. Allied Equip., Inc.,* 631 F. Supp. 171, 172 (W.D. Tenn. 1989)).

Plaintiff contends that Defendants' invocation of an arbitration defense waived their right to remove this action, citing *McKinnon v. Doctor's Associates, Inc.,* 769 F. Supp. 216 (E.D. Mich. 1991). In *McKinnon,* the defendants removed the case only after they filed a motion to compel arbitration, which the state court denied. *Id.* at 217. In determining whether the defendants waived their right of removal, the court concluded "that the test . . . is whether or not such defendant sought affirmative relief or took affirmative action resulting in an adjudication on the merits." *Id*. at 218 (citation omitted). "The mere filing or raising of a defense is insufficient [to find waiver]." *Id.*

Here, Defendants did nothing but file or raise their arbitration defense, which distinguishes this case from *McKinnon*. They did not file a motion to compel arbitration or seek any other affirmative relief. Consequently, they did not waive their right of removal. The Court rejects Plaintiff's third argument seeking remand on the basis that the right to remove was waived.

## CONCLUSION

For the reasons set out above, the Court DENIES Plaintiff La Mirage's amended motion to remand (D.E. 6).

ORDERED this 17th day of December, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE